# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

JIMMY ZAVALA,

                 Petitioner,

  v.

GARY BOUGHTON,[1]

                 Respondent.

OPINION & ORDER

18-cv-295-jdp

      Petitioner Jimmy Zavala is an inmate at the Wisconsin Secure Program Facility, a state of Wisconsin facility, but he is serving a federal sentence imposed by the United States District Court for the Western District of Texas in 2005 for various counts related to a drug trafficking conspiracy. Zavala has filed a motion to vacate his conviction under 28 U.S.C. § 2255, contending that his arrest warrant was defective, he received ineffective assistance of counsel at his trial, and he has not been given access to the trial transcripts.

      Motions made under 28 U.S.C. § 2255 must be filed in the court that imposed his sentence. *See* Section 2255(a); Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. This court lacks jurisdiction to hear his motion; the proper court for this motion is the United States District Court for the Western District of Texas.

      Instead of dismissing a § 2255 motion filed in the wrong district, a district court is allowed to transfer the case to the proper district "if it is in the interests of justice" to do so. 28 U.S.C. § 1631. But here the interest of justice would not be furthered by transfer of the motion, because the motion is futile. Zavala has already had a § 2255 motion about this

---

[1] I have amended the caption to name as respondent the warden of Zavala's current place of confinement.

conviction denied. *See Zavala v. United States*, 5:08-cv-234 (W.D. Tex). He cannot file a second or successive § 2255 motion like this one without first obtaining permission from the Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. §§ 2244 and 2255(h). So I will deny the motion.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. I cannot issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). Although Rule 11 allows me to ask the parties to submit arguments about whether a certificate should issue, it is not necessary to do so in this case. For the reasons explained above, I conclude that Zavala has not made a showing, substantial or otherwise, that he meets the requirements for a certificate of appealability. Thus, I will not issue him a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Jimmy Zavala's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

2. Zavala is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered May 1, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge